UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

REDUCE, LLC,

    Plaintiff,

v.

BOARDWALK BRAND INC.,

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, REDUCE, LLC, a Florida limited liability company, by and through undersigned counsel, hereby sues BOARDWALK BRAND, INC., a Washington corporation, complains and alleges as follows:

**GENERAL ALLEGATIONS**

**NATURE OF ACTION**

1) This is a diversity action for breach of contract and declaratory relief pursuant to 28 U.S.C. § 2201.

**PARTIES, JURISDICTION, AND VENUE**

2) This Court has specific and general jurisdiction over the parties to this action.

3) The Plaintiff, REDUCE, LLC ("Plaintiff"), is a Florida limited liability company with its principal place of business located in Miami, FL.

4) Plaintiff's sole member is Manduu USA Inc., a Florida corporation with its principal place of business located in Miami, Florida.

5) Upon information and belief, Defendant, BOARDWALK BRAND, INC. ("Boardwalk") is a Washington corporation with its principal place of business in Seattle, Washington.

6) This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

7) Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is the judicial district where a substantial part of the events or omissions that gave rise to the claims occurred.

### FACTS COMMON TO ALL CAUSES OF ACTION

8) Plaintiff manufactures dietary supplements under the brand name "Slimcube."

9) Slimcubes are nutritional bars that people eat in lieu of meals to help them lose weight.

10) Slimcubes are formulated to provide individuals with their necessary daily nutrients and aid in the reduction of weight by reducing an individual's calorie intake.

11) In early 2020, Plaintiff desired to have a clinical trial of the Slimcube product conducted.

12) Plaintiff and Boardwalk entered into negotiations for Boardwalk to conduct the study.

13) On April 18, 2020 Boardwalk sent Plaintiff an email (hereinafter, the "Email") setting forth its proposal for a study to test the effectiveness of the Slimcube product. A copy of the Email is annexed hereto as Exhibit "1."

14) Attached to the Email was a document titled Scope of Work (hereinafter, the "Contract"). A copy of the Contract is annexed hereto as Exhibit "2."

15) The Contract was prepared by Boardwalk for Plaintiff's review and acceptance.

16) On April 20, 2020, Plaintiff executed the Contract and returned it to Boardwalk.

17) Pursuant to the Contract, Boardwalk agreed to prepare a study of twenty-to-thirty individuals who used the Slimcube product for thirty days.

18) In exchange Plaintiff agreed to pay Boardwalk the sum of $9,500.

19) The Contract provides, in pertinent part, as follows:

> **Changes to the Services:**
> Two (2) alterations of the Project are included in the fixed fee price as described in Section 2, above. You understand that any additional changes to the Project (or Projects) may result in any or all of the following: Increased fees for services, increased expenses, an extended timeline, and any other reasonably foreseeable consequences to be paid at the rate of $30/hour for reasonable time spent incorporating major changes. Upon requesting a change, we will fully document the change including its impact on Project costs, expenses, and deadlines. Any Change Orders must be agreed upon by both parties and, upon execution, become part of this SOW.

*See* Ex. 2, p. 1.

20) Thereafter Boardwalk conducted the study.

21) Plaintiff performed all the conditions required of it under the Contract.

22) Boardwalk did not prepare any change orders, nor did it orally request any changes to the Contract or to Boardwalk's scope of work.

23) In emails to Plaintiff, Boardwalk affirmatively stated that it was not charging for any additional work under the Contract.

24) On July 3, 2020 Plaintiff declined to renew the Contract and asked for the items Boardwalk agreed to provide under the Contract.

25) Boardwalk responded by presenting Plaintiff with a bill for $115,775 which Boardwalk claimed was due and payable on July 3, 2020.

26) Plaintiff was forced to hire the law firm of Hirzel Dreyfuss & Dempsey, PLLC to prosecute this action and is entitled to an award of its attorneys' fees and costs of suit.

27) All conditions precedent to the commencement of this action have occurred, or have been performed, excused, satisfied or waived.

## CAUSES OF ACTION

### First Cause of Action
### (Breach of Contract)

28) Plaintiff realleges each and every allegation contained in Paragraphs 1 through 29 as though set forth in full in this paragraph.

29) Plaintiff and Defendant entered into the Contract.

30) Plaintiff performed all the stipulations, conditions, and agreements required of it under the terms of the contract.

31) Boardwalk has materially breached its contractual duties to the Plaintiff.

32) As a direct, proximate and foreseeable result of Boardwalk's material breaches of the Contract, Plaintiff has been damaged.

### Second Cause of Action
### (Declaratory Relief)

33) Plaintiff realleges each and every allegation contained in Paragraphs 1 through 34 as though set forth in full in this paragraph.

34) An actual controversy has arisen and now exists between Plaintiff and Boardwalk as to the rights and duties of the parties under the Contract.

35) Plaintiff is entitled to a declaration pursuant to 28 U.S. Code § 2201 *et seq.* setting forth the rights, obligations, and duties of the parties hereto. Specifically, Plaintiff seeks a declaratory judgment from this Court establishing that Boardwalk is not entitled to any additional compensation under the Contract.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in his favor and against Boardwalk for:

A) all recoverable compensatory, statutory, and other damages sustained by Plaintiff;

B) both pre-judgment and post-judgment interest on any amounts awarded;

C) attorneys' fees, costs, and expenses;

D) a declaration of the rights and duties of the parties to the Contract;

E) equitable relief; and

F) such other relief as the Court may deem be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable, and a trial pursuant to Rule 39(c), Federal Rules of Civil Procedure, as to all matters not triable as of right by a jury to the extent permitted by law.

Dated: July 7, 2020  
Miami, FL

Respectfully submitted,

**HIRZEL DREYFUSS & DEMPSEY, PLLC**  
*Counsel for Plaintiff*  
2333 Brickell Avenue, Suite A-1  
Miami, Florida 33129  
Telephone: (305) 615-1617  
Facsimile No.   (305) 615-1585

By: */s/ Leon F. Hirzel*  
    **LEON F. HIRZEL**  
    Florida Bar No.: 085966  
    Email: hirzel@hddlawfirm.com  
    **PATRICK G. DEMPSEY**  
    Florida Bar No.: 27676  
    Email: dempsey@hddlawfirm.com